### CIMOCH v. CIMOCH.

DIVORCE—ALIMONY—PROPERTY PROVISIONS OF DECREE—MODIFICATION. Decree awarding wife all the property and adjudging that husband need pay no alimony except some temporary alimony then due *held*, not unjust nor inequitable, where she had also worked for wages outside the home, but is modified on appeal to recognize that some of the property was his and was awarded to her as permanent alimony.

Appeal from Kent; Perkins (Willis B.), J. Submitted January 10, 1936. (Docket No. 37, Calendar No. 38,729.) Decided March 2, 1936. Rehearing denied April 7, 1936.

Bill by Sophia Cimoch against John Cimoch for a divorce on ground of extreme cruelty. Decree for plaintiff. Defendant appeals. Modified and affirmed.

*John J. Smolenski,* for plaintiff.

*Zamiara & Kurzynowski,* for defendant.

FEAD, J. Defendant appeals from decree awarding property in a divorce suit.

The parties were married in 1914 and divorced in 1935. Defendant was a steady worker and earned

good wages. Plaintiff also did some work for wages outside the home.

For many years plaintiff kept a bank account in her own name. When the bank closed in 1933 her balance was $5,148.90. By receivership dividends it has been reduced to $2,144.85. She bought a house in her own name for $2,800, paying $1,800 from the receivership dividends and borrowing $1,000 from defendant's cousin. She also purchased $600 worth of stock in a bank organized to replace the closed bank; and she bought some furniture. There is no other property involved.

Plaintiff claims she earned the money by her personal labor. Defendant claims he turned his pay checks over to plaintiff and the deposits were his earnings. The court accepted plaintiff's claim and entered decree so finding, awarding all the property to plaintiff and adjudging that defendant should pay her no alimony except $55 due on order for temporary alimony.

The testimony is rather convincing that at least part of the bank account represented defendant's earnings, but the sum cannot be determined. In view of the character and the amount of the property, the earning capacity of defendant and the denial of alimony, we think the decree awarding the whole of the property to plaintiff was not unjust nor inequitable. But, instead of stating that all the property belonged to plaintiff, the decree should recognize that part of the bank account belonged to defendant and the whole be awarded to plaintiff as permanent alimony. So modified, the decree is affirmed, but without costs.

North, C. J., and Wiest, Butzel, Bushnell, Edward M. Sharpe, Potter, and Toy, JJ., concurred.